UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTORIA DICILLO, | Case No. 2:18-cv-00729-JCM-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| GGP MEADOWS MALL, LLC, *et al.*, | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Compel (ECF No. 73). In their Motion, Defendants seek an Order compelling Plaintiff to either sign a medical release allowing her neuropsychologist Dr. Staci Ross to release medical records, including raw testing data, to Defendants' expert Dr. Thomas Kinsora or "to authorize Dr. Ross to release medical records, including raw testing data, to Dr. Kinsora." *Id.* at 2. The Court has considered Defendants' Motion, Plaintiff's Opposition (ECF No. 76), and Defendants' Reply (ECF No. 77).

**I.   Background**

On March 24, 2021, the Court lifted the stay of this case imposed by Defendant Forever 21's bankruptcy. About three weeks later, on April 15, 2021, the Court issued an Order in which it required Defendants to advise Plaintiff and the Court whether they intended to renew their Motion to Strike Plaintiff's Untimely Disclosure of Expert Opinions Related to Future Medical Expenses. The same day, Defendants filed a Motion for Leave to Identify and Disclose Damages Expert to respond to Plaintiff's claims of future medical care and calculation of damages provided by Plaintiff at a private mediation. Plaintiff filed no response to Defendants' Motion, which was then granted by the Court. ECF No. 72. In the same Order, the Court required Defendants to identify and disclose its rebuttal expert within 30 days and gave Plaintiff 21 days to depose Defendants' rebuttal expert once the expert report was produced. *Id*.

Thereafter, Defendants retained neuropsychologist Dr. Kinsora, provided him all the medical records in their possession, learned from Dr. Kinsora that he needed the raw testing data from

1

Plaintiff's expert to prepare his report, and explained to Defendants that the data would have to be provided before the report could be prepared. ECF No. 73 at 6-7. Defendants reached out to Plaintiff on more than one occasion explaining the need for the raw data and provided Plaintiff with an authorization that would allow Plaintiff's expert to release the raw data to Defendants' expert. *Id*. at 7. While Plaintiff agreed to extend the time for Dr. Kinsora to complete his expert report, Plaintiff refused to sign the authorization because Plaintiff did not believe the information was necessary for Dr. Kinsora to complete his report. *Id*. at 8.

Piquing the Court's curiosity are Plaintiff's arguments that (1) Defendants' expert report is untimely,[1] (2) Defendants "ignored" that the raw data had to be disclosed from one expert to another, and (3) review of raw testing data goes beyond the scope of a rebuttal expert opinion because it would allow Defendants' expert "to opine that Dr. Ross' testing was somehow incomplete, inaccurate, or wrong." ECF No. 76 at 2-3. Plaintiff makes these arguments without considering (1) the extensions previously given and that Defendants repeatedly informed Plaintiff the rebuttal report could not be completed without the raw testing data Plaintiff refused to provide, (2) Defendants expressly asked Plaintiff to allow Dr. Ross to deliver raw testing data directly to Dr. Kinsora, and (3) Defendants state the purpose of the data and the rebuttal report is to address Plaintiff's expert Dr. Newman, not Dr. Ross.[2] ECF No. 73 at 11. Plaintiff also inexplicably contends that "Plaintiff could never produce raw testing data because the defense never hired an initial expert to review the materials." ECF No. 76 at 6. Plaintiff argues that the defense expert cannot opine on Plaintiff's expert's testing methods, results or conclusions because these "are mandatory initial expert opinions." *Id*. at 7.[3]

---

[1] The Court notes that Defendants filed their Motion to Compel on July 19, 2021, before the deadline for Dr. Kinsora's rebuttal report, which Plaintiff contends was due on August 7, 2021. ECF No. 76 at 3. Timeliness is not addressed further in this Order as the Court finds the dispute over production of information the defense expert states is needed to prepare a rebuttal report reasonably prevented Defendants from meeting the deadline identified by Plaintiff.

[2] Reiterating the position stated in their Motion, Defendants explain that Dr. Kinsora intends to use the raw data requested to rebut Dr. Newman's expert report on future medical care and expenses because Dr. Newman failed to perform "a full neuropsychological assessment" and otherwise relied on "unproven cognitive screening … that are not widely accepted in the neuropsychological community." ECF No. 77 at 4.

[3] In their Reply, Defendants argue that Plaintiff cites no law prohibiting the review of raw testing data when preparing a rebuttal report and that this is the very purpose for which the raw data is sought. ECF No. 77 at 3.

2

## II.   Discussion

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) allows for the admission of rebuttal experts "intended solely to contradict or rebut evidence on the same subject matter identified" by an initial expert. Further, "regardless of whether it could have been included in the expert's initial report, rebuttal expert opinion is proper where it 'explains, repels, counteracts or disproves evidence of the adverse party.'" *Van Alfen v. Toyota Motor Sales, U.S.A., Inc.*, Case No. CV 11-08120 JVS(FMOx), 2012 WL 12930456, at *2 (C.D. Cal. Nov. 9, 2012) *citing Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 749, 759 (8th Cir. 2006). Thus, an expert report "may not advance new arguments for the first time in a reply expert report." *Kleen Prods. LLC v. Int'l Paper*, 306 F.R.D. 585, 591 (N.D. Ill. 2015) (internal citation omitted). But, a rebuttal report "may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert." *Helios Software, LLC v. SpectorSoft Corp.*, Case No. 12-081-LPS, 2014 WL 4796111, at *3 (D. Del. Sept. 18, 2014) (internal citations omitted); *see also Kleen Prods. LLC*, 305 F.R.D. at 591 (where reply report's additional analysis was in direct response to criticisms from opposing expert and provided further support for original opinions, the reply report was admissible).

Here, of course, it is not possible to know whether Dr. Kinsora's expert opinions will be ones that rebut Plaintiff's experts' opinions because Dr. Kinsora has not yet issued a rebuttal report. Thus, Plaintiff's arguments in opposition to Defendants' Motion to Compel are not ripe. If upon receipt of Dr. Kinsora's report Plaintiff believes the opinions expressed are not rebuttal opinions, but initial expert opinions, Plaintiff may then move to strike Dr. Kinsora's report. *See Donell v. Fidelity National Title Agency of Nevada*, Case No. 2:07-cv-00001-KJD-PAL, 2012 WL 170990, at *3 (D. Nev. Jan. 20, 2012); *Linder v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Hawai'i 2008).

With respect to the production of all raw testing data, the U.S. District Court for the Western District of North Carolina addressed this issue in *Collins v. TIAA-CREF*, Case No. 3:06-cv-304-C, 2008 WL 3981462, at **3-5 (W.D. N.C. Aug. 22, 2008). Citing to the ethical guidelines propounded by the American Psychological Association ("APA"), the North Carolina court noted that a doctor may release test data to qualified professionals such as other psychologists. *Id.* at *5. In *Taylor v.*

3

*Erna*, Case No. 08-10534-DPW, 2009 WL 2425839, at *2 (D. Mass. Aug. 3, 2009), the court collected case law addressing the release of testing data:

> Some courts have ruled that, regardless of APA Ethical Guidelines and experts' concerns, Fed. R. Civ. P. 26 is clear in its requirement of full disclosure without qualification. *See Kayongo–Male v. S.D. State Univ.*, No. 04-4172, 2008 WL 2627699, at *4 (D.S.D. July 3, 2008); *Sapone v. Grand Targhee, Inc.*, No. 00-CV-020-J, 2000 WL 35615926, at *2 (D. Wyo. Aug. 9, 2000); *Drago v. Tishman Constr. Corp. of N.Y.*, 4 Misc.3d 354, 777 N.Y.S.2d 889, 891 (2004). As to countervailing ethical considerations, a court order to disclose documents has been held to satisfy the APA Guidelines such that ethical concerns of an expert witness were said to have evaporated. *Tibbs v. Adams*, No. S-05-2335, 2008 WL 2633233, at *1–3 (E.D. Cal. June 25, 2008).
>
> Other courts have been more deferential to the position of psychologists who express concern about the restrictions of the APA Ethical Code. *Collins v. TIAA–CREF*, No. 3:06-cv-304-C, 2008 WL 3981462, at *4 (W.D.N.C. Aug. 22, 2008) (holding that to order the disclosure of the testing materials would "place [ ] an undue burden on [the witness] in asking him to violate both his ethical and contractual obligations" and either sharing all the materials with a qualified witness for the plaintiff or transcribing limited data for counsel were "reasonable accommodations to avoid the very serious consequence of the validity of the important tests being compromised.")

*Id*. at *2. After making these observations, the district court compromised and ordered production of testing material pursuant to a protective order. *Id*. at 3.

Here, Defendants seek production of the raw testing data from one licensed psychologist, Dr. Ross, to another licensed psychologist, Dr. Kinsora, so that Dr. Kinsora may review the information for purposes of rebutting the opinions of Dr. Newman regarding Plaintiff's future medical care and the costs associated with that care. This request is not inconsistent with or violative of either Fed. R. Civ. P. 26 or rules established by the APA. Moreover, Plaintiff's objection to the production based on "need" is not well taken given that she misunderstands the intended use of the data by Dr. Kinsora.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Compel (ECF No. 73) is GRANTED.

IT IS FURTHER ORDERED that, within ten (10) days of the date of this Order, Dr. Ross shall produce the raw testing data requested by Dr. Kinsora, along with any other testing related materials Dr. Kinsora states is needed for him to prepare a rebuttal expert report.

IT IS FURTHER ORDERED that Dr. Kinsora shall produce a rebuttal expert report consistent with the Federal Rules of Civil Procedure 26(a)(2)(B) no later than 60 days after the date of this Order.

IT IS FURTHER ORDERED that Plaintiff shall be entitled to depose Dr. Kinsora no later than 30 days after the production of Dr. Kinsora's report by Defendants, which shall be served by electronic mail or hand delivery.

IT IS FURTHER ORDERED that the raw testing data and any other testing related materials provided by Dr. Ross to Dr. Kinsora shall be used solely for purposes consistent with producing an expert report in this case.

IT IS FURTHER ORDERED that Counsel for Plaintiff shall provide a copy of this Order to Dr. Ross and, as appropriate, facilitate delivery of the raw testing data and other information, if any, to Dr. Kinsora.

DATED this 14th day of September, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE